UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Anthony McCollum** **Docket No. 5:18-CR-477-1FL**

**Petition for Action on Supervised Release**

COMES NOW C. Jordan Hagins, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Anthony McCollum, who, upon an earlier plea of guilty to Count1- Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on September 12, 2019, to the custody of the Bureau of Prisons for a term of 76 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Anthony McCollum was released from custody on March 17, 2025, at which time the term of supervised release commenced.

On August 25, 2025, a Violation Report was submitted to the court due to the defendant submitting a urine sample on August 20, 2025, which was confirmed positive for marijuana. No court action was requested for this noncompliance.

On January 6, 2026, the defendant's conditions of release were modified to include 60 days of curfew through electronic monitoring due to the defendant submitting urine samples on October 23, 2025, and December 9, 2025, which were confirmed positive for marijuana. The defendant completed this sanction successfully.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant’s person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer’s supervision functions.

4. The defendant shall participate in a vocational training program as directed by the probation office.

5. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

6. The defendant shall provide the probation office with access to any requested financial information.

7. The defendant shall submit a written weekly report to the probation office, if not regularly employed, of attempts to secure employment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with

the above conditions. The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Jonathan A. Holmes
Jonathan A. Holmes
Senior U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ C. Jordan Hagins
C. Jordan Hagins
U.S. Probation Officer
150 Rowan Street Suite 110
Fayetteville, NC 28301
Phone: 910-354-2533
Executed On: October 23, 2026

**ORDER OF THE COURT**

Considered and ordered this 26th day of October, 2026, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge